MARÍA AURORA VÁZQUEZ MEDINA, Plaintiff and Appellant, *v.* MANUEL GONZÁLEZ MARTÍNEZ, Defendant and Appellee.

No. 8554. Argued December 16, 1942.—Decided January 20, 1943.

*R. Arjona Siaca* for appellant. *Hugh R. Francis* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages decided on the pleadings. The defendant demurred to the complaint for insufficiency and the court sustained the demurrer, and ordered that judgment be entered on motion of plaintiff.

The plaintiff is nine years of age and was represented by her natural father. She claims damages in consequence of bruises which she received on April 2, 1941, when, at Dr. Goyco Street of Caguas, she was run over by a truck "driven by a chauffeur, employee of the defendant, and paid by the latter while doing business for him, for whom at that time he was transporting a load of foodstuff to be used by defendant's cattle," the accident having occurred "due solely to the negligence of defendant's employee . . . without . . . any fault on plaintiff's part."

The defendant maintains that it does not appear from those facts that he is liable for the damages claimed.

The complaint is not perfect. It could have been easily amended to make it more precise, but, such as it is,

if construed "liberally, with the view to substantial justice between the parties," as provided by §122 of the Code of Civil Procedure (1933 ed.), and taking into consideration the tendency of the decisions of this court to give to the strict letter of the law a more liberal construction, following the remedial criterion in which the decisions on the Continent in this kind of cases is inspired, without failing to comply with the written law in force on the subject matter, it constitutes, in our opinion, a proper cause of action.

It was expressly alleged that the chauffeur was the agent of the defendant and it was likewise expressly alleged that the agent was acting on behalf of his principal "doing business" for the latter. The fact that a truck is involved herein is in itself significant. Besides, from the other allegations it appears that defendant's business in which his agent was acting was that of cattle and that in order to feed them the product had to be transported in the truck.

This being so, we have no doubt that the "business" in this case may be classified as an "enterprise" within the meaning of the statute and the decisions. *Acha* v. *Nevares,* 59 P.R.R. 233, *Aponte* v. *Palacios,* 55 P.R.R. 674; *Morales* v. *Otero,* 53 P.R.R. 542; *Lotti* v. *The Charles McCormick Lumber Co.,* 51 P.R.R. 323, and cases cited therein.

As to the insufficiency of the allegation of negligence stated in the complaint, it will be sufficient to refer to the authority cited by appellee himself—38 Am. Jur., Negligence, §261—in support of the view contrary to that set forth in his brief; which question, by the way, does not appear from the record to have been considered by the lower court nor discussed by the appellant in her brief. From the consensus of decisions set forth by said authority, it clearly appears that since negligence is an ultimate fact and not a conclusion it may be alleged in general terms, as was done herein.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with law.